IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CEDRIC L. AARON,

                              Petitioner,

        v.                                  CASE NO. 05-3030-RDR

JAMES W. HARRISON,

                              Respondent.


O R D E R

Petitioner proceeds pro se and in forma pauperis on a petition for writ of habeas corpus under 28 U.S.C. § 2241, filed while petitioner was incarcerated in the United States Disciplinary Barracks in Fort Leavenworth, Kansas.   Having reviewed the record which contains petitioner's amended petition, respondent's answer and return and petitioner's traverse, the court finds this matter is ready for decision.

*Procedural Background*

Petitioner was convicted by a general court-martial on charges of carnal knowledge, indecent assault, and indecent exposure involving two fourteen year old girls.   The sentence imposed included a dishonorable discharge and nine years of confinement, notwithstanding the prosecutor's request for a six year term of confinement.   The convening authority denied petitioner's request for a reduced sentence, and approved the sentence imposed by the court-martial panel.   Petitioner appealed to the Army Court of

Criminal Appeals (ACCA).   Concerning petitioner's claim of ineffective assistance of counsel, the ACCA ordered petitioner's two trial attorneys to submit affidavits addressing their interview of and their decision not to call two witnesses who petitioner claims would have refuted his alleged admission to the criminal charges. After reviewing the affidavits by petitioner and his attorneys, and all assigned errors and those personally raised by petitioner, the ACCA affirmed petitioner's conviction and sentence.  United States v. Aaron, (A.C.C.A., February 26, 2004).   The Court of Appeals for the Armed Forces (CAAF) denied further review, and denied petitioner's motion for reconsideration.

Petitioner seeks federal habeas corpus relief on the following claims.  He claims he was denied the effective assistance of counsel by defense counsel's failure to interview, investigate, and call rebuttal witnesses, and by defense counsel's failure to recall one of petitioner's accusers after she changed her initial testimony (Grounds I and II).   Petitioner next claims he was denied a fair trial by the prosecutor's withholding of evidence that discredited a government witness (Ground III), and by error in the military judge's instructions to the court-martial panel members (Ground IV). Petitioner claims insufficient evidence supported his convictions (Ground V), and alleges unlawful command influence by the pretrial preparation of orders for petitioner's confinement (Ground VI). Petitioner also claims his sentence was excessive and 50 percent greater than the prosecution requested (Ground VII), and claims bias by the military judge in allowing a prosecution witness to testify

on religious issues but refusing the defense the same opportunity (Ground VIII).   Finally, petitioner claims he was denied full and proper Article 66 review by the ACCA of post-trial affidavits submitted by petitioner (Ground IX), and contends cumulative error denied him a fundamentally fair trial (Ground X).

*Standard of Review*

Habeas corpus relief can be granted under 28 U.S.C. § 2241 to a federal prisoner who demonstrates he "is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c).   However, a United States District Court has limited authority to review court-martial proceedings for such error.   Its  scope of review is initially limited to determining whether the claims raised by the petitioner were given full and fair consideration by the military courts.   Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808 (10th Cir. 1993), *cert. denied*, 510 U.S. 1091 (1994).   If the issues have been given full and fair consideration in the military courts, the district court should not reach the merits and should deny the petition.   Id.   When a military court decision has dealt fully and fairly with an allegation raised in a federal habeas petition, it is not open to the federal court to grant the writ by reassessing the evidentiary determinations.   Burns v. Wilson, 346 U.S. 137, 142 (1953).

An issue is deemed to have been given "full and fair consideration" when it has been briefed and argued, even if the military court summarily disposes of the matter.   Watson v. McCotter, 782 F.2d 143, 145 (10th Cir.), *cert. denied*, 476 U.S. 1184

3

(1986).  The fact that the military court did not specifically address the issue in a written opinion is not controlling.  Lips, 997 F.2d at 821, n.2.  Instead, "when an issue is briefed and argued" before a military court, the Tenth Circuit has "held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not find the issue meritorious or requiring discussion." Id., *citing*, Watson, 782 F.2d at 145.  The burden is on the petitioner to show that the military review was "legally inadequate" to resolve his claims.  Watson, 782 F.2d at 144, *citing* Burns, 346 U.S. at 146.  Furthermore, if an issue was not raised before the military courts, the federal habeas court is to deem that issue waived and not subject to review.  Watson, 782 F.2d at 145.

Additionally, the Tenth Circuit Court of Appeals has adopted four factors to be used "for guidance in determining when to review a claim made in a habeas corpus petition" filed by a military prisoner:  (1) the alleged error must present a significant constitutional question; (2) the issue must be one of law rather than of fact already determined by the court-martial; (3) unique military considerations may warrant different treatment of a constitutional issue; and (4) whether the military courts applied the correct legal standards and gave appropriate consideration to the claims.  Roberts v. Callahan, 321 F.3d 994, 996 (10th Cir. 2003)(*citing* Dodson v. Zelez, 917 F.2d 1250 (10th Cir. 1990) and Lips).

Discussion

Having carefully examined the record and materials submitted by the parties, the court finds the ACCA and CAAF fully examined all of petitioner's claims and applied appropriate legal standards. Accordingly, no relief under 28 U.S.C. § 2241 on any of petitioner's claims is available.

In particular, however, the court finds no merit in petitioner's claim that ACCA failed to conduct an adequate and proper de novo review of the trial record, pursuant to Article 66 of the Uniform Military Code of Justice,[1] to determine the factual and legal sufficiency of the evidence supporting petitioner's convictions and sentence. Petitioner raised this issue to the CAAF, and that court's summary denial of review constitutes full and fair consideration of this claim. Moreover, petitioner's challenge to ACCA's compliance with Article 66 presents no claim of substantial constitutional dimension, and the military courts correctly found the evidence supporting petitioner's conviction was constitutionally sufficient. *See* <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979)(both direct and circumstantial evidence is to be examined in the light

---

[1] *See* Article 66(c), 10 U.S.C. § 866(c) which reads: "[T]he Court of Criminal Appeals may act only with respect to the findings and sentence as approved by the convening authority. It may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved. In considering the record, it may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses."

most favorable to the state to determine whether a reasonable jury could find the essential elements of the crime beyond a reasonable doubt).

Nor has petitioner demonstrated that he is entitled to relief based on the ACCA's resolution of petitioner's appeal without ordering an evidentiary DuBay[2] hearing to decide petitioner's claim of ineffective assistance of counsel. Although petitioner argues a DuBay hearing would have resulted in a new trial being ordered, this court does not sit to re-evaluate the evidence or reassess a military court's evidentiary determination. Burns, 346 U.S. at 142. Notwithstanding petitioner's limited focus on the competing post-trial affidavits before the ACCA, the military appellate court resolved petitioner's claim of ineffective assistance of counsel on the basis of post-trial affidavits in light of the entire record,[3] and petitioner demonstrates no error in the military courts' application of the controlling constitutional standard for determining a claim of ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668 (1984)(a defendant alleging ineffective assistance of counsel bears the burden of demonstrating that defense counsel's performance fell below an objective standard of reasonableness and that such deficient performance prejudiced the

---

[2]United States v. DuBay, 37 C.M.R. 411 (C.M.A. 1967).

[3]See United States v. Ginn, 47 M.J. 236 (C.A.A.F. 1997)(stating principles to guide a military appellate court's determination of whether an evidentiary hearing is necessary on an appellant's affidavit, including the fourth principle which allows a decision on the legal issue if the appellate filings and record as a whole clearly demonstrate the improbability of the facts asserted in an affidavit).

defense).

Conclusion

The court thus concludes the petition should be dismissed because all issues asserted by petitioner were given full and fair consideration by the military courts under the standards announced in <u>Watson</u>, and petitioner has not sustained his burden of demonstrating that the military review of his claims was "legally inadequate" to resolve said claims.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied.

DATED:  This 28th day of November 2007, at Topeka, Kansas.


　s/　Richard D. Rogers
RICHARD D. ROGERS
United States District Judge